Not For Publication

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 00-34501 (LMW) |
| ALEXANDER WILLIAM SOUDEN, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| ALEXANDER WILLIAM SOUDEN, | ) | ADV. PRO. NO. | 08-3055 (LMW) |
| PLAINTIFF | ) | DOC. I.D. NO. | 13 |
| vs. | ) | | |
| CITICORP a/k/a CITIBANK and BARBARA A. HANKIN, TRUSTEE, | ) | | |
| DEFENDANTS. | ) | | |

## APPEARANCES

| | |
|---|---|
| Morton J. Dimenstein, Esq.<br>Law Offices of Morton J. Dimenstein<br>99 Cherry Street<br>Milford, CT 06460 | Attorney for the Plaintiff |
| John M. Barton, III, Esq.<br>325 Boston Post Road<br>P.O. Box, Suite 1F<br>Orange, CT 06477-0901 | Attorney for the Plaintiff |
| Citicorp<br>c/o Citibank (South Dakota), N.A.<br>P.O. Box 6000<br>Sioux Falls, SD 57117 | Defendant |

Barbara L. Hankin, Esq.                                                         Defendant
191 Post Road West
Westport, CT 06880

# BRIEF MEMORANDUM AND ORDER
## SCHEDULING STATUS CONFERENCE RE: MOTION FOR DEFAULT JUDGMENT

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-referenced chapter 7 case (the "Case") was commenced on October 19, 2000;

**WHEREAS,** on November 13, 2000, the above-referenced debtor (the "Debtor") filed his Schedule A (Real Property, "Schedule A"). (*See* Case Doc. I.D. No. 4 (Schedule A).) Schedule A listed as an asset the Debtor's one-half interest in his residence (the "Residence")[1] with a stated value of $75,000.00;

**WHEREAS,** on November 13, 2000, the above-referenced Debtor filed his Schedule C (Property Claimed As Exempt, "Schedule C"). (*See* Case Doc. I.D. No. 4 (Schedule C).) On his Schedule C, the Debtor claimed an aggregate $16,900.00 exemption (the "Exemption") in respect of the Property pursuant to 11 U.S.C. §§ 522(b)(2), 522(d)(1) and 522(d)(5).[2] That is a statutory reference to the "federal list" (the "Federal List") which is available in Connecticut. On October 19, 2000, the statutory amount of the Section 522(d)(1) exemption was $16,150.00, and the statutory (minimum) amount of the Section 522(d)(5) exemption was $850.00. *See* 11 U.S.C. § 522(d) (West

---

[1]     Such one-half interest hereafter is referred to as the "Property."

[2]     References herein to title 11 of the United States Code or to the Bankruptcy Code are references to the same as they appeared prior to the effective date of their amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

2000). Accordingly, the maximum amount of the Exemption is $16,900.00.[3] No objection was made to the Exemption;[4]

**WHEREAS,** on November 13, 2000, the Debtor filed his Schedule D (Creditors Holding Secured Claims, "Schedule D"). (*See* Case Doc. I.D. No. 4 (Schedule D).) On his Schedule D, the Debtor listed a secured claim held by Fleet Mortgage Group in respect of the Property of $108,000.00. The Judgment Lien (as hereafter defined) was not listed on Schedule D;

**WHEREAS,** on November 13, 2000, the Debtor filed his Schedule F (Creditors Holding Unsecured Nonpriority Claims, "Schedule F.") (*See* Case Doc. I.D. No. 4 (Schedule F).) Listed on Schedule F is an unsecured nonpriority claim (the "Claim") in the name of CITI Bank ("Citibank") in the amount of $7,749.16;

**WHEREAS,** the chapter 7 trustee (the "Trustee") filed her Report of No Distribution on December 4, 2000. (*See* Case Doc. I.D. No. 5.);

**WHEREAS,** the Debtor received his chapter 7 discharge on February 13, 2001. (*See* Case Doc. I.D. No. 6.);

**WHEREAS,** this chapter 7 case was closed on February 28, 2001. (*See* Case Doc. I.D. No. 8.) The Trustee has not attempted to avoid the Judgment Lien;

---

[3]   The Debtor used $100.00 of her Section 522(d)(5) exemption to exempt "Checking/savings accounts." (*See* Doc. I.D. No. 4 (Schedule C).)

[4]   However, the deadline for the filing of objections to exemptions pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure does not apply to lien avoidance proceedings. *See Morgan v. F.D.I.C. (In re Morgan)*, 149 B.R. 147, 152 (B.A.P. 9th Cir. 1993) ("[A] creditor who has not timely objected to a claim of exemption may nevertheless challenge the validity of the exemption when defending a lien avoidance motion under § 522(f).").

**WHEREAS,** on September 22, 2000, Citicorp[5] (together with its predecessors and successors in interest, "Citicorp") obtained a Connecticut state court judgment (the "Judgment") against the Debtor in the amount of $8,911.52 (plus costs in the amount of $231.80). (*See* Complaint (Exhibit).) On October 4, 2000, Citicorp recorded a judgment lien (the "Judgment Lien") in respect of the Property on the Milford Connecticut land records. (*See id*);[6]

**WHEREAS,** the Debtor filed a motion to reopen this Case on March 6, 2008. (*See* Case Doc. I.D. No. 9.) That motion was granted and the Case was reopened by order dated March 19, 2008. (*See* Case Doc. I.D. No. 16.) The Trustee was not reappointed in the reopened Case;

**WHEREAS,** the above-referenced adversary proceeding (the "Adversary Proceeding") was commenced on April 18, 2008 by the filing of a complaint. (*See* A.P. Doc. I.D. No. 1, the "Complaint.");

**WHEREAS,** the Complaint seeks to avoid the Judgment Lien pursuant to 11 U.S.C. §§ 522(h) and 547(b). The Complaint (and the related summons) were duly served upon Citicorp. (*See* A.P. Doc. I.D. No. 6.);

**WHEREAS,** Citicorp failed to appear in the Adversary Proceeding and default was entered by the Clerk's Office on September 19, 2008. (*See* A.P. Doc. I.D. No. 11.);

---

[5] Notwithstanding the caption above, Citibank and Citicorp are/were separate but affiliated entities. *See Caiola v. Citibank, N.A.*, 295 F.3d 312, 318 (2d Cir. 2002) (Citicorp is the parent company of Citibank). How Citicorp came to acquire the Claim is not of record. Citigroup Inc. is the successor in interest to Citicorp. *Cf. In re Parmalat Securities Litigation*, 376 F.Supp. 2d 472, 516 n.217 (S.D.N.Y. 2005) (Citicorp is a wholly owned subsidiary of Citigroup, Inc.).

[6] The Judgment Lien recites that the unpaid amount of the Judgment was $9,077.22. (*See id.*) That is $65.10 less than the amount of the Judgment. The record does not explain the difference.

**WHEREAS,** the Debtor filed a motion for entry of default judgment (A.P. Doc. I.D. No. 13, the "Motion") on September 24, 2008;

**WHEREAS,** a hearing on the Motion was held on October 15, 2008 at which the court took the Motion "on the papers;"

**WHEREAS,** in that certain Order Regarding Motion for Judgment dated December 3, 2008, the court noted that, from the face of the Complaint, the limitations period applicable thereto appeared to have expired and Citicorp's failure to appear was not a waiver of such issue. (*See* A.P. Doc. I.D. No. 16.) Accordingly, the Debtor was ordered to file an affidavit and memorandum of law addressing such potential defense on or before January 5, 2009. (*See id.*) The Debtor timely complied on January 2, 2009. (*See* A.P. Doc. I.D. Nos. 18 (the "Affidavit") and 20.);

**WHEREAS,** the Affidavit states the following additional facts:

- Citicorp did not file a Proof of Claim in the Case.[7]

- In November 2007, the Debtor's real estate attorney retained Attorney Title and Abstract Co., Inc. to perform a search on 317 West River Street, Milford, Connecticut in order to refinance the Property.

- The Debtor consequently learned for the first time that Citicorp had filed suit against him, obtained the Judgment on September 22, 2000, and filed the Judgment Lien on October 4, 2000 two weeks before he had filed his bankruptcy petition. Citicorp did not give the Debtor notice it had filed the Judgment Lien.

- Citicorp only communicated to the Debtor demanding payment prior to his bankruptcy filing. Citicorp did not contact him about the lawsuit, the Judgment or the Judgment Lien; therefore, he had no knowledge of their existence.

---

[7] Notice was given to creditors not to file proofs of claim. (*See* Case Doc. I.D. No. 2.)

- The Debtor's real estate counsel referred him to other counsel to resolve the lien issue. New counsel filed the Adversary Proceeding to set aside the preference in April 2008.

- Court records in the matter of *Citicorp v. Souden*, CV-00-0071568, Superior Court, Judicial District of Ansonia/Milford at Milford showed the suit was filed on August 21, 2000. The Return Date was August 29, 2000. A Motion for Default For Failure to Appear and Judgment was filed on September 22, 2000 and granted on that same date. As per the order of the Court, the Judgment was enforceable twenty-one days after Citicorp certified that the Debtor was mailed Notice of the Judgment. The Debtor did not receive said Notice;

**WHEREAS,** it appears that the Debtor's original bankruptcy counsel did not perform a title search in respect of the Property;

**WHEREAS,** entry of default does not automatically lead to entry of default judgment by the court. *Valley Oak Credit Union v. Villegas (In re Villegas),* 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991) ("[E]ntry of default does not automatically entitle the nondefaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted."). Rather, the court has the discretion in each case to determine whether entry of default judgment is proper, and "may conduct a hearing requiring some proof [from the plaintiff] of the facts that must be established in order to determine . . . liability." *Citibank USA, N.A. v. Spring (In re Spring)*, No. 04-3007, 2005 WL 588776, at *2 (Bankr. D. Conn. March 7, 2005) (internal quotation marks omitted). At the court's discretion, such proof may be made by affidavit. *American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002). In order to obtain judgment by default, the "'plaintiff must demonstrate a *prima facie* case by competent evidence in order to obtain a [d]efault [j]udgment.'" *Spring, supra* at *2 (*quoting General Electric Capital Corp. v. Bui (In re Bui),* 188 B.R. 274, 276 (Bankr. N.D. Cal. 1995)). The plaintiff has

demonstrated a *prima facie* case when "a factfinder could reasonably find every element that the plaintiff must ultimately prove to prevail in the action." *Fisher v. Vassar College*, 114 F.3d 1332, 1336 (2d Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1075 and *reh'g denied*, 523 U.S. 1041 (1998) (*abrogated on other grounds by Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000));

**WHEREAS,** the limitations period of Section 546(a)(1) is amenable to the doctrine of equitable tolling. *See The Mediators, Inc. v. Manney (In re The Mediators, Inc.),* 190 B.R. 515 (S.D.N.Y. 1995), *aff'd*, 105 F.3d 822 (2d Cir. 1997). Equitable tolling requires:

> First, if a plaintiff can show that the alleged . . . [claim] was concealed by affirmative acts of the defendant, and that a suit was commenced within a reasonable time after plaintiff's discovery of the . . . [claim], the statute of limitations will not bar relief. Even in the absence of 'fraudulent concealment' by the defendant, if "the . . . [plaintiff[ remains in ignorance of it without any fault or want of diligence or care on his part," the limitations period is tolled until the . . . [claim] is discovered.

*Id.,* 190 B.R. at 524 (citation omitted);

**WHEREAS,** failure of a debtor's attorney to perform a title search of realty listed in the debtor's schedules during the case does not *per se* eliminate the possibility of equitable tolling in actions such as the Adversary Proceeding. *Cf. In re Caicedo,* 159 B.R. 104, 107 (Bankr. D. Conn. 1993) (Krechevsky, J.) (debtor's attorney's failure to perform title search during the case was not *per se* laches by the debtor);

**WHEREAS,** based upon the facts set forth above, the Debtor has made out a *prima facie* case of equitable tolling;

**WHEREAS,** Bankruptcy Code § 522 provides in relevant part:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could

have exempted such property under subsection (b) of this section if such property had not been transferred, if–

>   (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
>   (B) the debtor did not conceal such property; or
>
>   (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

   (h) The debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent* that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if–

>   (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>   (2) the trustee does not attempt to avoid such transfer.

11 U.S.C.A. § 522 (West 2005) (emphasis added);

   **WHEREAS,** Bankruptcy Code § 547 provides in relevant part:

   (b) [T]he trustee may avoid any transfer of an interest of the debtor in property–

>   (1) to or for the benefit of a creditor;
>
>   (2) for or on account of antecedent debt owed by the debtor before such transfer was made;
>
>   (3) made while the debtor was insolvent;
>
>   (4) made–
>
>    (A) on or within 90 days before the date of the filing of the petition; or
>
>    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>   (5) that enables such creditor to receive more than such creditor would receive if–

> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547 (West 2005);

**WHEREAS,** (subject to the discussion below), the Debtor has made out a *prima facie* case under Section 522(h). However, if the Judgment Lien is avoided, the Debtor would have equity in the Property of approximately $21,000.00.[8] As discussed above, the Federal List was chosen by the Debtor and the maximum amount of the Exemption thereunder was $17,000.00 as of the petition date. Section 522(h) does not expand the applicable exemption. *See* Bankr. Exemption Manual § 6:4 (West 2008) ("The debtor can not add to his or her list of exemptible property by use of section 522(h). The debtor's other exemptions must leave room for exemption of this new, recovered asset. 11 U.S.C.A. § 522(j).") Accordingly, not all of the Judgment Lien can be avoided pursuant to Section 522(h) (at least at this time);[9]

**WHEREAS,** the court deems it inadvisable to render a judgment for partial avoidance at this time. Rather, the court deems it advisable to schedule a status conference in the Adversary Proceeding to discuss "next steps" with the Debtor's counsel;

---

[8]   The relevant amounts and values must be determined as of the petition date.

[9]   The Complaint refers to the $75,000.00 Connecticut homestead exemption, *see* Conn. Gen. Stat. § 52-352b(t). Having chosen the Federal List, the Debtor may not assert a Section 522(b)(3) (state law) exemption. 4 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 522.02 [3], at 522-21 (15 ed. rev. 2006) ("[W]here debtors may choose between the exemptions contained in Section 522(d) and the exemptions available under state and federal law other than section 522(d), selection of one form of exemptions or another is exclusive."). The court does not express any opinion as to whether the Debtor may now amend his exemptions to substitute the Section 522(b)(3) (state law) list for the Federal List.

**NOW, THEREFORE,** it hereby is **ORDERED** that a status conference is scheduled for May 12, 2009 at 2:00 p.m. at the United States Bankruptcy Court, Connecticut Financial Center, 157 Church Street, 18th floor, New Haven, Connecticut for the purpose set forth above; and it is further

**ORDERED** that the clerk's office shall serve this order on the Trustee, counsel for the Debtor, Citicorp,[10] and upon the United States Trustee.

Dated: April 20, 2009             BY THE COURT

*Lorraine Murphy Weil*
**Lorraine Murphy Weil**
**United States Bankruptcy Judge**

---

[10]      Citicorp shall be served at:

Citicorp
c/o Citibank (South Dakota), N.A.
Attn: President
P. O. Box 6000
Sioux Falls, SD 57117

and

Citigroup, Inc.
Attn: President
399 Park Avenue
New York, NY 10043